IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAYLE KEVIN NEWTON** and : <br> **PAMELA NEWTON,** : <br>                   **Plaintiffs,** : <br>                   **v.** : <br> : <br> **CORRY MOTOR SPORTS, INC.,** : <br> **CORRY MOTOR SPORTS, INC.** d/b/a/ : <br> **LEISURE TIME POWERSPORTS,** : <br> **LEISURE TIME POWERSPORTS,** and : <br> **POLARIS INDUSTRIES, INC.,** : <br>                   **Defendants.** : | **CIVIL ACTION** <br><br> No. 16-2389 |

**MEMORANDUM ORDER**

This 4th day of August, 2016, upon review of Plaintiffs' Motion to Remand and the responses thereto, I find that none of the Defendants was fraudulently joined, with the result that this Court does not have subject matter jurisdiction over Plaintiffs' claims.  It is therefore **ORDERED** that the Motion is **GRANTED** and this case shall be **REMANDED** to the Philadelphia Court of Common Pleas.

Plaintiffs' Complaint alleges that they were injured in April 2014 when the brakes on their all-terrain vehicle (ATV) failed.  Compl. at ¶ 1.  They filed suit in the Philadelphia Court of Common Pleas against Defendant Polaris, claiming that it manufactured a defective ATV, and against a set of three defendants—Corry Motor Sports, Inc., Corry Motor Sports, Inc. d/b/a Leisure Time Powersports, and Leisure Time Powersports—collectively referred to as the "Corry Defendants," claiming that they negligently serviced the ATV.  Compl. at ¶¶ 2–3.

Defendants removed this case on the basis of this Court's diversity jurisdiction.  Although they admit that the Corry Defendants are domiciled in Pennsylvania and are therefore

not diverse from Plaintiffs, Defendants argue that these Defendants were fraudulently joined and should therefore be disregarded in assessing federal jurisdiction.  Notice of Removal at ¶ 28.  Essentially, Defendants argue that the caption is inaccurate in that Corry Motor Sports is not "doing business as" Leisure Time Powersports, and they have no responsibility for the entity that serviced Plaintiffs' vehicle.  Notice of Removal at ¶¶ 30–31.  Instead, they point to a corporation called Leisure Time Powersports Southern Tier, Inc. which does business as "Leisure Time Powersports" in Limestone, New York, and they hint that Plaintiffs perhaps should have named that entity rather than the Corry Defendants.

"As a general proposition, plaintiffs have the option of naming those parties whom they choose to sue, subject only to the rules of joinder of necessary parties." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990).  "While the plaintiffs' decision in this regard may have repercussions for purposes of diversity jurisdiction, there is no reason for a court to interfere with this inevitable consequence of a plaintiff's election unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity." *Id.*  Therefore, "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).  The removing party has a heavy burden of persuasion in this regard, since the law is to be "strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111(quotations and citations omitted).

"[J]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.' " *Id.* (citing *Abels v. State Farm Fire*

2

*& Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985)).  Although the Third Circuit allows some review beyond the complaint in determining whether there is a "colorable" ground supporting the claim, that inquiry is not as searching as the one conducted when reviewing a motion to dismiss or a motion for summary judgment.  *Id.* at 112; *Batoff*, 977 F.2d at 852.  Instead, a "district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff," and "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Boyer*, 913 F.2d at 111(quotations and citations omitted).

      Defendants do not appear to question that  a servicer of an ATV could be liable in tort for injuries to a rider caused by that servicer's negligence.  To that degree, Plaintiffs have certainly pleaded sufficient facts to state a colorable claim against the servicer.  Defendants argue however that the Corry Defendants did not, in fact, service the subject vehicle, nor can they be held vicariously liable for the actions of the entity that did service that vehicle, such that  their inclusion has no reasonable basis.

      Both Plaintiff and the Corry Defendants submit copies of a repair invoice reflecting that the subject ATV was serviced by an entity called "Leisure Time Powersports" located in Limestone, New York.  Ex. A to Motion to Remand, Ex. B to Notice of Removal at 8–9.  To support their claim that they are not this entity, the Corry Defendants submit two affidavits.  The first is from Jay P. Davids, who identifies himself as the President of a corporation called Leisure Time Powersports Southern Tier, Inc. (Southern Tier). Ex. B to Notice of Removal at ¶ 1.  In it, he asserts that Southern Tier does business as "Leisure Time Powersports" in Limestone, New

3

York, and he admits that a vehicle fitting the description of the subject ATV was serviced by Southern Tier in Limestone in December 2013.  Ex B to Notice of Removal at ¶¶ 5, 26.  The second affidavit is also by Jay P. Davids, but in this one he identifies himself as the Vice President of Corry Motor Sports, Inc.  Ex. C to Notice of Removal at ¶ 1.  He asserts that Corry Motor Sports, Inc. does business in Corry, Pennsylvania under the fictitious name of Leisure Time Honda-Suzuki, but it does not do business under the name "Leisure Time Powersports."  Ex. C to Notice of Removal at ¶ ¶ 5, 21.  Both affidavits claim that Southern Tier and Corry Motor Sports, Inc. are separate and distinct legal entities.  Ex. B to Notice of Removal at ¶ 24; C to Notice of Removal at ¶ 24.

Plaintiffs counter with information showing that these entities have a closer relationship than the affidavits would indicate.  Plaintiffs submit a copy of a document entitled "Application for Registration of Fictitious Name" submitted to the Pennsylvania Department of State, which reflects that Corry Motor Sports, Inc. registered "Leisure Time Powersports" as a fictitious name under which it does business.  Ex. B to Motion to Remand.  Plaintiff also submits evidence of a webpage at www.leisuretimepowersports.com that lists two entities in the header: "Leisure Time Honda-Suzuki" in Corry, Pennsylvania, and "Leisure Time Powersports" in Limsetone, New York.  Ex. H to Motion to Remand. Plaintiff also submit other evidence that an entity called Leisure Time Powersports has presented itself on social media platforms as being located in Pennsylvania.  Ex.  J, L, K.

There is clearly a factual dispute, and Plaintiffs had a reasonable basis for concluding that the named Corry Defendants may be liable for the negligent actions of the employees that performed work on Plaintiffs' ATV in New York.  Sorting out the factual question of the relationship between the entities in Corry, Pennsylvania and Limestone, New York, requires

4

litigation of the merits.  Certain basic facts are in dispute, and the various legal theories that might give rise to liability, such as joint venture or ostensible agency, require consideration of complicated issues, and likely  under the laws of two different states.  I must resolve all contested issues of substantive fact in favor of Plaintiffs, and my inquiry into state law may not be so searching that it transforms into a decision on the merits of the claim.  *Batoff*, 977 F.2d at 853 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.")

Because the inclusion of the Corry Defendants destroys the complete diversity between Plaintiffs and Defendant Polaris, I am without jurisdiction over these claims and therefore  I must remand.[1]

    /s/ Gerald Austin McHugh
United States District Judge

---

[1] If the Corry Defendants can prove they have no legal responsibility for the work performed by the entity that serviced Plaintiffs' vehicle, then the claims against them will surely be dismissed.  But ultimate success on the merits is not the test.  "It is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id.* at 852.